```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| JOSEPH BLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-cv-02724-MSN-tmp |
| | ) |
| NEW IMAGE TOWING & RECOVERY, | ) |
| CLAYTON COUNTY POLICE | ) |
| DEPARTMENT, and KEVIN | ) |
| ROBERTS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Joseph Bland's complaint against defendants New Image Towing & Recovery and the Clayton County Police Department, filed on September 24, 2020. (ECF No. 1.) That same day, Bland filed a motion for a preliminary injunction and a motion to proceed *in forma pauperis*. (ECF Nos. 2-3.) Bland filed an "amended complaint" on September 28, 2020, supplementing his original complaint with addresses for each defendant and naming Chief of Police Kevin Roberts as an additional defendant both as an individual and in his official capacity. (ECF No. 7.) The undersigned granted Bland's motion to proceed *in forma pauperis* on October 28, 2020. (ECF No. 10.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and

for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, it is recommended that this case be transferred to the United States District Court for the Northern District of Georgia, where venue is proper. See 28 U.S.C. § 1406(a).

Bland alleges that, on October 18, 2019, his vehicle was illegally towed by New Image Towing & Recovery ("New Image") after he was arrested by the Clayton County Police Department. (ECF No. 1-1.) Despite several efforts to recover the vehicle during his incarceration and afterwards, New Image declined to release the vehicle to him. (Id.) New Image later petitioned the Clayton County Magistrate Court to have the vehicle considered abandoned and for it to be sold at a public auction. (Id.) Though his complaint does not delineate any specific claims, Bland alleges that his Fifth Amendment rights were violated because the vehicle was towed after he refused to cooperate with the police and that his Fourth and Fourteenth Amendment rights were violated when his vehicle was impounded without due process of law. (ECF Nos. 1-1, 3.)

The undersigned is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). "A court may dismiss on venue

grounds under § 1915 when improper venue is '*obvious from the face of the complaint* and no further factual record is required to be developed.'" Brent v. Hyundai Capital Am., No. 2:14-cv-02600-STA-dkv, 2014 WL 7335415, at *3, (W.D. Tenn. Oct. 2, 2014) (citation omitted) (emphasis in original); see also Bordages v. Thorne, No. 2:19-cv-02353-JTF-dkv, 2020 WL 587651, at *3-4 (W.D. Tenn. Feb. 6, 2020).

In the absence of a special venue provision, 28 U.S.C. § 1391 controls a plaintiff's choice of venue in civil cases. Venue in federal court is proper in:

(1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

Congress has enacted several statutory provisions authorizing federal district courts to transfer cases to a different venue. One such provision is 28 U.S.C. § 1406(a), which grants a district court broad discretion to dismiss a case that is filed in an improper district or, if it would be in the interest of justice,

to transfer it "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); Stanifer v. Brannan, 564 F.3d 455, 456-57 (6th Cir. 2009).

Based on the facts alleged in Bland's complaint, the Western District of Tennessee is not a proper venue for this case. In order for venue to be proper in this district under § 1391(b)(1), all of the defendants would need to be residents of the State of Tennessee, with at least one defendant residing within the Western District. Bland has named three defendants – New Image, the Clayton County Police Department, and Chief of Police Roberts – none of which reside in Tennessee, let alone the Western District of Tennessee.[1] New Image resides in Georgia because it is the only state where New Image is subject to personal jurisdiction.[2] See 28

---

[1] In his "amended complaint," Bland provided the court with a Georgia mailing address for each defendant.

[2] Personal jurisdiction comes in two flavors: general and specific jurisdiction. Conti v. Pneumatic Prods. Corp., 977 F.2d 978, 981 (6th Cir. 1992). General jurisdiction arises when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." Third Nat'l Bank v. WEDGE Grp., Inc., 882 F.2d 1087, 1089 (6th Cir. 1989). "Absent exceptional circumstances, a 'foreign corporation' is 'at home' only in the states in which it is incorporated and where it maintains its principal place of business." Willis v. RhinoAG, No. 1:19-cv-01276-STA-jay, 2020 WL 2529842, at *4 (W.D. Tenn. May 18, 2020) (quoting Daimler AG v. Bauman, 571 U.S. 117, 118 (2014)). To establish specific jurisdiction, a plaintiff must show that the defendant purposely availed himself of the privileges of acting in the forum state, that the cause of action arose from the defendant's purposeful contacts in the forum state, and that the

U.S.C. §§ 1391(c)(2), (d) (a defendant business entity resides in any judicial district where it is subject to personal jurisdiction). The Clayton County Police Department resides in Georgia because it is a government entity located in Clayton County, Georgia, which is in the Northern District of Georgia.[3] 28 U.S.C. § 90(a)(2); see 28 U.S.C. § 1391(c)(2). Likewise, Roberts resides in the Northern District of Georgia because "[a] public official . . . being sued in his official capacity resides in 'the judicial district where he maintains his official residence, that is, where he performs his official duties.'" Bordages, 2020 WL 587651, at *4 (quoting O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972)). This result does not change when Roberts's domicile is considered in his individual capacity.[4] See 28 U.S.C. §

---

contacts make it reasonable for the defendant to be hailed into court in the forum state. Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005) (citing S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968)). A plaintiff's residence in a state "cannot be the only link between the defendant and the forum." Walden v. Fiore, 571 U.S. 277, 285 (2014).

New Image is incorporated in Georgia and has its principal place of business in Georgia, meaning that it is "at home" in Georgia, not Tennessee. See Daimler AG, 571 U.S. at 118. Further, because Bland's cause of action is based on facts that occurred exclusively in Georgia, this court does not have specific jurisdiction over New Image. See Intera Corp., 428 F.3d at 615. For the same reason, the undersigned submits that New Image is not subject to Tennessee's long-arm statute. Tenn. Code Ann. 20-2-223.

[3]For the same reasons as above, the Clayton County Police Department is only subject to personal jurisdiction in Georgia.

[4]An individual is domiciled in the place where he resides and intends to remain. Mason v. Lockwood, Andrews & Newman, P.C., 842

1391(c)(1) ("[A] natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled.") There is no allegation in the complaint that any of the defendants reside in Tennessee within the meaning of 28 U.S.C. §§ 1391(b)(1), (c)(1), and (c)(2).

As for 28 U.S.C. § 1391(b)(2), all of the events alleged in Bland's complaint occurred in Clayton County, Georgia, and thus within the Northern District of Georgia. The only connection between this case and the Western District of Tennessee is that Bland resides in Memphis, Tennessee. This alone does not make the Western District of Tennessee a proper venue.

It appears that venue is proper in the Northern District of Georgia, as each defendant resides in the district and it is where a substantial part of the events giving rise to the claim occurred.[5] The undersigned therefore recommends that, in the interest of justice, the Clerk be ordered to transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a), and that the

---

F.3d 383, 390 (6th Cir. 2016) (citing Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989)). Bland's "amended complaint" lists Roberts's mailing address as a Jonesboro, Georgia address. Jonesboro is a town in Clayton County and is thus within the Northern District of Georgia.

[5]Because venue would be proper in a different district, 28 U.S.C. § 1391(b)(3) does not apply.

case be closed without entry of judgment.[6] In so recommending, the undersigned does not consider the screening factors in 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Respectfully submitted,

/s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 4, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[6] A federal district court may transfer a case from an improper forum to a proper forum regardless of whether the district court could exercise personal jurisdiction over the defendants. Taylor v. Love, 415 F.2d 1118, 1119-20 (6th Cir. 1969) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962)).