**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

JOSEPH BLAND,

      Plaintiff,

v.                                                                  Case No. 2:20-cv-2724-MSN-tmp

NEW IMAGE TOWING & RECOVERY,
CLAYTON COUNTY POLICE DEPARTMENT, and
KEVIN ROBERTS,

      Defendants.

_____

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)**
_____

      Before the Court is the Chief Magistrate Judge's Report and Recommendation ("**Report**"). (ECF No. 11.)  The Report recommends that Plaintiff's Complaint be transferred to the North District of Georgia pursuant to 28 U.S.C. § 1406(a).  Plaintiff timely filed objections to the Report on November 12, 2020.  (ECF No. 12.)[1]  For the reasons set forth below, Plaintiff's objections are **OVERRULED**.  The Report is **ADOPTED**, and this matter is hereby **TRANSFERRED** to the District Court for the Northern District of Georgia.

**STANDARD OF REVIEW**

      Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  _See United States v. Curtis_,

_____

      1. Plaintiff has several other pending motions in this matter, including a Motion to Dismiss New Image Towing & Recovery from the suit that was filed on February 2, 2021.  (ECF No.19.) Because this Court is the improper venue for Plaintiff's Complaint, this Court declines to rule on these motions.

237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error.  *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## <u>DISCUSSION</u>

As set forth in the Report, in the absence of a special venue provision, 28 U.S.C. § 1391 controls a plaintiff's choice of venue in civil cases.  Pursuant to 28 U.S.C. § 1391, venue in federal court is proper in:

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1) – (3).

The Chief Magistrate Judge concluded that venue was not proper in the Western District of Tennessee under 28 U.S.C. § 1391(b)(1) because none of the Defendants in this matter are residents of the State of Tennessee and none of the Defendants reside within the Western District of Tennessee.  (ECF No. 11 at PageID 33.)  Upon review by the Chief Magistrate Judge, it appeared that all Defendants were residents of Georgia, with at least one Defendant residing in the Northern District of Georgia.  (*Id.* at PageID 33–34.)

The Chief Magistrate Judge also concluded venue was not proper in the Western District of Tennessee pursuant to 28 U.S.C. § 1391(b)(2) because all of the events alleged in the Complaint occurred in Clayton County, Georgia, and thus within the Northern District of Georgia.  (*Id.* at PageID 35.)

Therefore, the Chief Magistrate Judge concluded that it appears that venue is proper in the Northern District of Georgia because each Defendant resides in the district, and it is where a substantial part of the events giving rise to the claim occurred.  (*Id.*)

Plaintiff filed objections to the Report.  (*See* ECF No. 12.)  Plaintiff's objections appear to evidence a confusion between the requirements of jurisdiction and venue.  In his objections, Plaintiff refers to the federal court's jurisdiction to hear diversity cases pursuant to 28 U.S.C. § 1332.  (ECF No. 12 at PageID 38.)  "Jurisdiction" means that a court has the power to exercise authority over all persons and things within its territory.  To properly file a lawsuit, you must file the lawsuit in a court that has jurisdiction.  Plaintiff is correct that one basis of jurisdiction for a federal court is "diversity jurisdiction" pursuant to 28 U.S.C. § 1332.  "Venue," on the other hand, is the geographical location of a particular court.  To properly file a lawsuit, you must also file the case in an appropriate venue.  Plaintiff does not address the Report's findings or conclusions regarding the proper venue for this matter.  This Court has reviewed the Report and agrees with the Chief Magistrate Judge's conclusion regarding proper venue.  Plaintiff offers no basis to reject the Report's conclusion regarding venue, and his objections are **OVERRULED**.

## CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED**.  The Report is **ADOPTED**, and this matter is hereby **TRANSFERRED** to the District Court for the Northern District of Georgia.

**IT IS SO ORDERED**, this 10th day of February 2021.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE